**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY C. GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 15-02656 JAK (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner presently incarcerated at Calipatria State Prison in Calipatria, California, filed this *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on April 9, 2015. He subsequently was granted leave to proceed without prepayment of the full filing fee.

On October 19, 2015, the Court[1] granted plaintiff's Motion to Amend his Complaint, and ordered that plaintiff's First Amended Complaint ("FAC"), the operative pleading, be filed. (Docket Nos. 36-38.) The FAC arises from an accident that occurred on February 14, 2014, while plaintiff was being transported

---

[1] Pursuant to Order of the Chief Magistrate Judge, this case was transferred from the calendar of the previously assigned Magistrate Judge to that of this Magistrate Judge on July 20, 2015.

by two Los Angeles County Sheriff's Department deputies (identified only as "Doe" defendants) from the Long Beach Superior Court to the Los Angeles County Jail. (FAC at 2.) Plaintiff raises one claim pursuant to the Eighth Amendment against the Sheriff's Deputies for deliberate indifference when they "recklessly disregarded their duty" to transport plaintiff safely. (FAC at 3.) Plaintiff seeks declaratory relief and monetary damages. (FAC at 3-4.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, since plaintiff is a prisoner appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review of the FAC under the foregoing standards, the Court finds that the factual allegations appear insufficient to state a claim against any named defendant. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 30, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a

Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

### A. Plaintiff's allegations appear insufficient to state an Eighth Amendment claim against the "Doe" defendants.

Plaintiff's FAC raises one claim for deliberate indifference under the Eighth Amendment. (FAC at 3.) Plaintiff alleges that he was placed in a van belonging to the Los Angeles County Sheriff's Department while in waist restraints and handcuffs. During his transport, the van hit the rear of a car. Plaintiff was thrown forward and suffered a "mild concussion and lower back injuries." (FAC at 2.)

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "A prison official is deliberately indifferent to a substantial risk of serious harm to inmates if that official is subjectively aware of the risk and does nothing to prevent the resulting harm." *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 828-29). To be subjectively aware of a risk, the prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your First Amended Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

inference." *Farmer*, 511 U.S. at 837. If plaintiff was a pretrial detainee at the time of the incident, his claim derives from the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff was a pretrial detainee and "had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"); *see also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). However, in order to state a claim for deliberate indifference to a substantial risk of serious harm, a pretrial detainee must clearly allege that a defendant acted with deliberate indifference. *Compare Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the **use of excessive force** that amounts to punishment." (internal quotation marks omitted, emphasis added)) *with Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) (citing the Supreme Court's ruling that "failure to prevent harm amounts to punishment where detention officials are deliberately indifferent," and noting that neither the Ninth Circuit "nor the Supreme Court have departed from the standard set forth in *Bell* and *Farmer* for considering pretrial detainees' claims that government officials violated their Fourteenth Amendment rights by failing to prevent harm").

Here, the only action that plaintiff alleges that defendants took in connection with the vehicular accident was in acting "unreasonably/irresponsibly and not alertly performing their duties." (FAC at 2.) Plaintiff does not allege that either "Doe" defendant knowingly failed to provide plaintiff with proper restraints or that he was transported in an objectively unsafe manner. Accordingly, plaintiff's

allegations are insufficient to raise a reasonable inference that either deputy knew of and disregarded a substantial risk of serious harm to plaintiff's safety.

In addition, because only one of the two defendants could have been driving the van at the time of the accident, plaintiff's FAC fails to set forth any factual allegations concerning the second "Doe" defendant. Accordingly, plaintiff fails to allege that the second "Doe" defendant took any action, participated in another's action, or omitted to perform an act that he was legally required to do that caused a violation of plaintiff's constitutional rights. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

Accordingly, the Court finds that plaintiff's factual allegations, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge an Eighth Amendment claim against the "Doe" defendants in their individual capacities "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B.** **Plaintiff's allegations appear insufficient to state a claim against the "Doe" defendants in their official capacities, the Los Angeles County Sheriff's Department, or the County of Los Angeles.**

Plaintiff names both "Doe" defendants in their official capacities. (FAC at 2.) The Supreme Court, however, has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.*, 473 U.S. at 166. As the Supreme Court held in *Monell v. New York City Dep't of Social Servs.*, 436 U.S.

658 (1978), a local government entity such as the County of Los Angeles or the Los Angeles County Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). Further, a *Monell* claim against a local government entity may not be pursued in the absence of an underlying constitutional deprivation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Here, it follows from the Court's finding that the allegations in the FAC are insufficient to state a constitutional deprivation that the allegations also are insufficient to state a claim pursuant to *Monell*. Moreover, a *Monell* claim may not be premised on a single isolated incident. *See, e.g., Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.")). Plaintiff's FAC does not purport to allege anything beyond a single isolated incident of allegedly reckless driving by a deputy.

Accordingly, the Court finds that plaintiff's FAC fails to allege any facts giving rise to a plausible claim against the "Doe" defendants in their official capacities, the Los Angeles County Sheriff's Department, or the County of Los Angeles.

\*\*\*\*\*\*\*\*\*\*\*

If plaintiff still desires to pursue this action**, he is ORDERED to file a Second Amended Complaint no later than March 30, 2016**, remedying the pleading deficiencies discussed above. The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

**IT IS SO ORDERED**.

DATED: February 24, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE